IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1547-SMY |
| | ) |
| CITY OF WOOD RIVER, ILLINOIS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Matthew Wilson filed the present action against the City of Wood River, Illinois, challenging the constitutionality of a recently amended ordinance that prohibits possessing switchblade knives or carrying firearms or other deadly weapons into any place licensed to sell liquor. Wilson argues the ordinance infringes on the private right to keep and bear arms under the Second Amendment that was first recognized by the Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008).

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) (Doc. 16). For the following reasons, Defendant's motion is **DENIED as moot** and the case **REMANDED** to state court.

### Background

On June 16, 2025, the City of Wood River, Illinois adopted Ordinance 25-8, which modified certain provisions of its City Code pertaining to the possession and use of dangerous weapons. Wood River, Ill., Ordinance 25-8 (June 16, 2025). While Ordinance 25-8 altered portions of § 130.14 of the Code prohibiting the use of certain noxious chemicals such as pepper

spray, it left intact those sections related to other dangerous weapons such as knives and firearms. *Id.* Relevant to this case are § 130.14(A)(1) and (A)(8), which prohibit the possession of switchblades and the carrying of firearms and other deadly weapons in establishments licensed to sell liquor, respectively.

Plaintiff Matthew Wilson, a resident of Wood River and holder of a concealed carry license and Firearm Owners Identification card ("FOID" card"), initially filed this lawsuit in state court on June 30, 2025, challenging § 130.14(A)(1) and (A)(8) as unconstitutional restrictions of the private right to bear arms conferred by the Second Amendment. Doc. 1-1. Wilson, seeks an order declaring Ordinance 25-8 unconstitutional and enjoining its enforcement in whole or as applied to switchblades.[1] Defendant timely removed the case to this court and now moves to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6).

## Discussion

Seeking dismissal, Defendant argues Plaintiff lacks standing to challenge Ordinance 25-8 because he has not alleged fear of actual or threatened prosecution under the relevant provisions. Quoting *Mitchell v. Keenan*, 50 F.3d 473 (7th Cir. 1995), Defendant contends standing requires a threat of prosecution that is "real and immediate, not conjectural or hypothetical." Defendant further argues that even if there were a threat of enforcement, carrying deadly weapons in places licensed to sell alcohol would still be prohibited under relevant state law, citing to 720 ILCS 5/24-1(a)(8).

As a preliminary matter, the Court notes that Rule 12(b)(1), not 12(b)(6), is the proper means to challenge Plaintiff's standing to bring his claims, as standing is a necessary element of subject-matter jurisdiction. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278-79 (7th Cir.

---

[1] Although Plaintiff asserts a second count challenging § 130.14(a)(8), the provision prohibiting dangerous weapons in establishments licensed to sell liquor, he does not include a request for relief related to this count. Doc. 1-1 at 2-3.

2020) ("[S]tanding is an essential ingredient of subject-matter jurisdiction."). Nevertheless, because federal courts have an independent obligation to ensure the exercise of subject-matter jurisdiction is proper, the Court considers Defendant's jurisdictional arguments. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986).

Article III of the Constitution limits federal jurisdiction to "Cases" and "Controversies." U.S. CONST. art. III, § 2. For a case or controversy to exist under Article III, a plaintiff must have a "personal stake" in the outcome of the case—in other words, standing to sue. *Soc'y of the Divine Word v. United States Citizenship & Immigr. Servs.*, 129 F.4th 437, 445 (7th Cir. 2025) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). To establish standing, a plaintiff must demonstrate: (1) they suffered an injury-in-fact, (2) the defendant's actions caused the injury, and (3) the remedy they seek would redress the injury. *Bell v. Keating*, 697 F.3d 445, 451 (7th Cir. 2012). In pre-enforcement challenges such as the one involved in this case, the injury-in-fact requirement can be met by showing "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and that there exists a credible threat of prosecution thereunder." *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 590-91 (7th Cir. 2012) (internal quotation omitted).

Here, Wilson fails to plead an injury-in-fact. He does not allege he intends to engage in any conduct proscribed by the challenged ordinance. Although he challenges the provision prohibiting the possession of switchblades, nowhere in the Complaint does Wilson indicate he owns or ever plans to own a switchblade. Similarly, despite challenging the provision that prohibits carrying deadly weapons in places licensed to sell liquor, Wilson never expresses any intention to do so or states that he owns deadly weapons at all. He alleges only that he owns a concealed carry license and a FOID card. This is insufficient to establish a credible threat of

prosecution. *See Second Amendment Arms v. City of Chicago*, 135 F. Supp. 3d 743, 750 (N.D. Ill. 2015) ("By not expressing a desire to purchase firearms in the unauthorized zoning districts, [Plaintiffs] have not established the threat of immediate danger necessary to establish standing to pursue prospective relief.").

In opposing dismissal, Plaintiff quotes *Bell*, stating "the existence of [a] statute constitutes the government's commitment to prosecute in accordance with it." 697 F.3d at 451. However, as the next line of that passage makes clear, such a commitment to prosecute is sufficient to establish standing *only* when "a plaintiff *expresses a credible intention to disobey*" that statute. *Id.* (emphasis added). To hold otherwise would be to allow standing for the type of generalized grievances that the injury-in-fact requirement is designed to prevent. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 (1992) ("[A] plaintiff raising only a generally available grievance about government--claiming only harm to his and every citizen's interest in proper application of the Constitution and laws … does not state an Article III case or controversy."). Because Plaintiff asserts only a belief that Ordinance 25-8 is unconstitutional with no indication he is personally affected by its alleged unconstitutionality, the Court has no jurisdiction over his claims.

In the context of cases removed from state court, whenever "it appears that the district court lacks subject-matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Thus, although Defendant moves for dismissal with prejudice, § 1447(c) affords the Court no discretion to do so. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("We also take note . . . of the literal words of § 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action.") (internal quotation omitted); *accord Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016). This case will be remanded.

## Conclusion

For the foregoing reasons, the Court lacks subject-matter jurisdiction over Plaintiff's claims and **REMANDS** this case to the Third Judicial Circuit, Madison County, Illinois. All pending motions are **DENIED AS MOOT** and the Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**DATED:  February 24, 2026**

                                            **STACI M. YANDLE**
                                            **Chief U.S. District Judge**